**Gordon HAMEL, Petitioner,**

v.

**PRESIDENT'S COMMISSION ON EXECUTIVE EXCHANGE,**
**Respondent.**

No. 92–3327.

United States Court of Appeals,
Federal Circuit.

March 3, 1993.

Rehearing Denied; Suggestion for Rehearing In Banc Declined April 13, 1993.

Robert C. Seldon, Krooth & Altman, Washington, DC, argued for petitioner. With him on the brief was Joseph A. Kijewski; Gordon Hamel, Alexandria, VA, of counsel; also on the brief was Thomas Devine, Government Accountability Project, Washington, DC.

Elaine Romberg, Atty., Civ. Div., Dept. of Justice, Washington, DC, argued for respondent. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen. and Mary E. Goetten, Washington, DC.

Before RICH, LOURIE, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

Gordon Hamel (petitioner) petitions for review of the December 24, 1991 decision of the Merit Systems Protection Board (Board) in Docket No. DC1221910461A–1 (unpublished). In its decision, the Board denied petitioner's motion for an award of attorney's fees. Petitioner had sought to recover the fees which he allegedly incurred in challenging his proposed removal from the President's Commission on Executive Exchange (PCEE). We *affirm*.

## BACKGROUND

The PCEE was an agency of the executive branch; it was created to increase knowledge and mutual understanding between the public and private sectors. In support of its mission, the PCEE administered an executive exchange program between the executive branch and private corporations. Petitioner joined the PCEE in December of 1989, as Director of Executive Placement. In that position, he was in charge of matching private sector executives with appropriate positions in federal agencies.

Shortly after petitioner joined the PCEE, relations between him and the agency's management deteriorated to the point where he and management were in sharp conflict. We express no views on the merits of this dispute. Suffice it to say that between May and December of 1990, petitioner conveyed to the Office of Personnel Management (OPM), the Office of Special Counsel of the Board, and the Congress allegations of fraud and mismanagement at the PCEE. During this same period, officials of the agency made various charges against petitioner.

On November 29, 1990, the Director of the PCEE issued a notice of proposed removal to petitioner. The grounds stated in the notice were misconduct and insubordination. On December 18, 1990, petitioner filed an individual right of action appeal with the Board, pursuant to the Whistleblower Protection Act of 1989, Pub.L. No. 101–12, 103 Stat. 16 (1989) (WPA). Among other things, petitioner contended that his proposed removal was in retaliation for what he claimed were whistleblowing activities.

On May 2, 1991, President Bush signed an Executive Order abolishing the PCEE and charging the Director of OPM with the responsibility of winding down the PCEE's functions. On May 7, 1991, OPM issued reduction-in-force notices to the PCEE's competitive service employees. Thereafter, on May 13, 1991, it sent a letter to petitioner rescinding the notice of proposed removal and clearing the allegations of misconduct from his personnel file. On June 10, 1991, an administrative judge of the Board issued an initial decision dismissing petitioner's appeal as moot. His decision became the final decision of the Board on July 15, 1991.

On July 22, 1991, petitioner moved for an award of attorney's fees under the WPA. In the alternative, he sought an award of such fees under the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1138 (1978) (CSRA). The administrative judge denied the motion because he determined that petitioner was not a "prevailing party" within the meaning of either of the statutes. On March 17, 1992, the Board denied petitioner's petition for review. 53 M.S.P.R. 177. This appeal followed.

## DISCUSSION

■ In reaching his decision on the prevailing party issue, the administrative judge used the test set forth by this court in *Cuthbertson v. Merit Sys. Protection Bd.*, 784 F.2d 370 (Fed.Cir.1986), and on appeal both parties take the position that *Cuthbertson* enunciates the proper test. *Cuthbertson*, however, involved the attorney's fees provision of the CSRA. Thus, as a preliminary matter, we must decide whether the *Cuthbertson* test also should apply in a claim for attorney's fees under the WPA, since it was under that statute that petitioner challenged his proposed removal, although petitioner sought to recover attorney's fees under both the WPA and the CSRA.

The pertinent part of the attorney's fees provision in the WPA states as follows:

> If an employee, former employee, or applicant for employment is the prevailing party before the Merit Systems Protection Board, and the decision is based on a finding of a prohibited personnel practice, the agency involved shall be liable to the employee, former employee or applicant for reasonable attorney's fees and any other reasonable costs incurred.

5 U.S.C. § 1221(g)(1) (Supp. III 1991).

The CSRA provides that

the Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice

. . . .

5 U.S.C. § 7701(g)(1) (1988).

■ We conclude that the *Cuthbertson* test for a prevailing party is appropriate in connection with claims for attorney's fees under the WPA. Although the WPA and the CSRA attorney's fees provisions differ in some respects, they have in common the threshold requirement that there be an initial determination as to whether the person seeking the fees was a prevailing party in the proceedings before the Board. At the same time, there is nothing in the language of the statutes which suggests that Congress intended the term "prevailing party" to mean one thing under the CSRA and another thing under the WPA. Accordingly, we hold that the prevailing party test enunciated in *Cuthbertson* for attorney's fees claims under the CSRA also applies to attorney's fees claims under the WPA.

Under *Cuthbertson,* a petitioner is a prevailing party if (1) "he obtained all or a significant part of the relief he sought from the Board" and (2) "the relief achieved is significantly due to the initiation of the Board proceeding. . . ." 784 F.2d at 372–73. The administrative judge held, and there is no dispute, that the first part of the *Cuthbertson* test was satisfied in petitioner's case. After President Bush signed the Executive Order abolishing the PCEE, OPM rescinded the notice of proposed removal directed to petitioner and cleared the allegations of misconduct from petitioner's personnel file. Petitioner clearly obtained "all or a significant part of the relief he sought from the Board."

In holding that petitioner had failed to satisfy the second prong of the *Cuthbertson* test, the administrative judge stated:

[T]he rescission by OPM of the . . . notice of proposed removal is shown to be consistent with its duty to conclude the agency's business. For this reason and because there is absolutely no evidence suggesting that the agency/OPM would have abandoned the adverse action against appellant. . . . if the Executive Order had not been issued, I find that appellant has failed to establish that his appeal was a significant causal factor in the relief he ultimately obtained. Appellant consequently has not established that he was a prevailing party.

■ We review Board decisions under a very narrow standard. A decision must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988). *See also Cheeseman v. Office of Personnel Mgmt.,* 791 F.2d 138, 141 (Fed.Cir.1986), *cert. denied,* 479 U.S. 1037, 107 S.Ct. 891, 93 L.Ed.2d 844 (1987). Here, substantial evidence supports the determination of the administrative judge that petitioner's appeal was not "a significant causal factor in the relief he ultimately obtained."

Most importantly, prior to its abolishment on May 2, 1991, the PCEE showed no sign of retreating (by settlement or otherwise) from its position in the Board litigation with petitioner. A hearing was scheduled for June 3, 1991, and both parties were engaged in what the administrative judge described as "extensive, contested discovery" for that hearing. Moreover, OPM, which was charged with winding up the affairs of the PCEE, specifically stated in its May 13, 1991 letter rescinding the notice of proposed removal and two memoranda relating to petitioner's case that it was "not disavowing the legitimacy of the PCEE's decisions regarding these matters." In addition, in that same letter, OPM stated that "because the Executive

order charges OPM with the termination of the PCEE's function, it is questionable whether OPM has the authority to go forward with the personnel action proposed by the PCEE."

The evidence shows that the notice of proposed removal was rescinded because the agency which had issued the notice was abolished. The notice was not rescinded because petitioner prevailed before the Board or because the agency decided that it should settle in view of the strength of petitioner's case, the weaknesses in its own case, or a combination of the two. In short, substantial evidence supports the conclusion that petitioner failed to establish that the rescission of the notice of proposed removal was "significantly due to the initiation of the MSPB proceeding." *Cuthbertson,* 784 F.2d at 373.

One final point should be noted. Citing *Payne v. Department of Justice,* 29 M.S.P.R. 625 (1986), petitioner complains that the administrative judge erred in not holding an evidentiary hearing on his motion for attorney's fees. In *Payne,* which arose under the CSRA and which involved the issue of whether the award of attorney's fees was warranted in the interest of justice, the agency rescinded an adverse action just prior to the Board hearing in the case. In reversing the presiding official's denial of the petitioner's attorney's fees application without a hearing, the Board pointed out there were disputed issues of fact as far as the question of the agency's intent was concerned and that these issues could only be resolved through a hearing. The facts of *Payne* distinguish it from this case. Here, the agency did not suddenly do an about-face on the merits. Rather, OPM rescinded the notice of proposed removal because the PCEE had been abolished. In addition, OPM specifically pointed out for the record that it was not retreating from the allegations against petitioner which had formed the basis for the notice of proposed removal. The administrative judge did not err in concluding that, on the basis of the record before him, he was in a position to make a "truly informed finding" as to petitioner's request for attorney's fees. *Miller v. Army,* 42 M.S.P.R. 421, 426 (1989).

## CONCLUSION

For the foregoing reasons, the decision of the Board denying petitioner's motion for attorney's fees is affirmed.

## COSTS

Each side shall bear its own costs.

AFFIRMED.