Ernesto M. SISON, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3094.

United States Court of Appeals, Federal Circuit.

June 8, 2001.

Before MAYER, Chief Judge, SCHALL and DYK, Circuit Judges.

PER CURIAM.

Ernesto M. Sison seeks review of the May 23, 2000, decision by the Merit Systems Protection Board, Docket No. SE0831000115–I–1, affirming the Office of

Personnel Management's denial of his request for an annuity under the Civil Service Retirement System. Because Sison's service was not in covered positions, we *affirm.*

We review the board's decisions under a narrow standard. *See Hamel v. President's Comm'n on Executive Exch.,* 987 F.2d 1561, 1564 (Fed.Cir.1993). We must affirm absent a showing that a decision of the board is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

One who claims entitlement to an annuity based on a separation occurring after August 31, 1954, must meet the requirements of the current version of the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 *et seq.* This Act requires that an employee complete at least five years of creditable civilian service, with at least one of the last two years of service qualifying as covered service. 5 U.S.C. § 8333(a)-(b) (1994). Covered service only includes an appointment that is subject to the CSRA and for which an employee must deposit part of his pay into the Civil Service Retirement and Disability Fund. *Rosete v. Office of Pers. Mgmt.,* 48 F.3d 514, 516 (Fed.Cir.1995). In addition, "[e]mployees serving under non-permanent appointments, designated as indefinite ..." are excluded from civil service retirement system coverage. 5 C.F.R. § 831.201(a)(13).

Substantial evidence, including Sison's SF–50's, indicates that Sison served his entire career in excepted service indefinite appointments and is therefore ineligible for civil service retirement benefits. Moreover, his employment from July 7, 1954, to August 29, 1966, was for a nonappropriated funds agency (NAFI), and NAFI service is not creditable service except under limited circumstances for which Sison does not qualify. *See Dupo v. Office of Pers. Mgmt.,* 69 F.3d 1125, 1128 (Fed. Cir.1995) (NAFI service is creditable if (1) it was performed between June 18, 1952, and January 1, 1966; (2) it "involved conducting an arts and crafts, drama, music, library, service club, youth activities, sports, or recreation program ... for personnel of the armed forces ..."; and (3) the individual was an employee subject to the civil service retirement system on November 9, 1986). Finally, although Sison argues that he had a long career of faithful government service and requests relief on equitable grounds, the eligibility requirements for retirement are substantive legal obligations which we have no authority to waive. *See Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 416, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990).