Gloria A. SWANSON, Petitioner,

v.

UNITED STATES POSTAL SERVICE,
Respondent.

No. 01–3112.

United States Court of Appeals,
Federal Circuit.

June 11, 2001.

Before MAYER, Chief Judge, MICHEL
and LINN, Circuit Judges.

PER CURIAM.

Gloria A. Swanson seeks review of the March 2, 2000, decision by the Merit Systems Protection Board, Docket No. DE0353990129–I–2, affirming the United States Postal Service's denial of her request for restoration of employment following her removal for medical inability to perform. We *affirm*.

We review the board's decisions under a narrow standard. *See Hamel v. Presi-* *dent's Comm'n on Executive Exch.*, 987 F.2d 1561, 1564 (Fed.Cir.1993). We must affirm absent a showing that a decision of the board is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

Swanson argues that the Department of Labor's Office of Workers' Compensation Programs (OWCP) determined that she was "fully recovered," and that the board is without authority to find that she is not recovered for the purposes of restoration of her employment. She cites to 5 U.S.C. § 8128(b) to argue that the Department of Labor's determination of recovery is final and binding with respect to the board.

These arguments lack merit. First, the OWCP did not make an evaluation that Swanson was able to perform the duties of her previous job when it terminated her benefits. Instead, as the administrative judge correctly noted, it terminated the benefits based on Swanson's failure to display any physical evidence of disability despite her self-described limitations. Second, 5 U.S.C. § 8128(b) states that the "action of the Secretary [of Labor] or his designee in allowing or denying a payment" under the Federal Employees Compensation Act "is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." This section does not support Swanson's argument because it relates only to the finality of the Department of Labor's decisions on compensation awards; the decisions of the OWCP do not bind the board or the agency when they act within their own statutory authority. *See New v. Dep't of Veterans Affairs*, 142

F.3d 1259, 1264 (Fed.Cir.1998); *Minor v. Merit Sys. Prot. Bd.*, 819 F.2d 280, 283 (Fed.Cir.1987).

Under the Office of Personnel Management's regulations, an employee is "fully recovered" from a compensable injury when "compensation payments have been terminated on the basis that the employee is able to perform all the duties of the position he or she left or an equivalent one." 5 C.F.R. § 353.102 (2001). An employee is "partially recovered" when "though not ready to resume the full range of his or her regular duties, has recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements...." *Id.* An agency must make "every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." *Id.* § 353.301(d). Although the administrative judge held that Swanson was partially recovered, the agency argues that it did not deny her restoration based on her full or partial recovery from any work-related injury, but because of her inability to work because of a non-job-related psychiatric condition. Thus, she was not "partially recovered" because her psychiatric condition was not a "compensable injury"; she also was not "able to return to limited duty" because of this same non-job-related condition. Moreover, she was not "fully recovered" because her compensation was not terminated "on the basis that" she was able to perform all of the duties of her position.

We agree with the administrative judge that the agency appropriately determined, based on a number of physical examinations and a psychiatric examination, that Swanson should not be returned to her letter-sorting machine operator position on limited or full duty because she was at high risk for re-injury based on motivational/psychiatric factors rather than any job-related physical disability. Even the physician mutually chosen by the Postal Service and Swanson's union, stated that "[p]rognosis is good provided that she does not return to the type of work she does not like, particularly the repetitive type of work required working in a Post Office." *See id.* § 339.301(b)(1) ("Prior to appointment or selection (including reemployment on the basis of full or partial recovery from a medical condition)" an agency is authorized to require an individual to report for a medical examination). Therefore, Swanson was not eligible for restoration, and never properly qualified for reemployment priority list placement. Moreover, even if she were "partially recovered," the record shows that the agency had no light duty assignments appropriate to Swanson's limitations, and therefore did not improperly deny her restoration.