NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**DARLENE M. CROAL-MANUEL,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

———————————

2012-3070

———————————

Petition for review of the Merit Systems Protection Board in case no. AT0752110612-I-1.

———————————

Decided: July 12, 2012

———————————

DARLENE M. CROAL-MANUEL, of Pineville, Louisiana, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

———————————

Before RADER, *Chief Judge*, O'MALLEY, and REYNA, *Circuit Judges*.

PER CURIAM.

Darlene M. Croal-Manuel petitions for review of the final decision of the Merit Systems Protection Board (the "Board") affirming the Administrative Judge's ("AJ") decision dismissing Ms. Croal-Manuel's appeal alleging involuntary retirement for lack of jurisdiction. *Croal-Manuel v. Dep't of Transp.*, 117 M.S.P.R. 107 (2011) ("Final Order"); *Croal-Manuel v. Dep't of Transp.*, 2011 MSPB LEXIS 3881 (June 20, 2011) ("Initial Decision"). For the reasons explained below, we *affirm*.

## BACKGROUND

Ms. Croal-Manuel began employment with the Federal Highway Administration's ("FHWA") Atlanta Administrative Services Team as a Human Resources Assistant on June 16, 2002. On August 30, 2005, she was placed on administrative leave pending a medical evaluation relating to erratic behavior she exhibited in her workplace four days earlier. The behavior included verbal and physical outbursts that resulted in emergency services being called to render assistance. Ms. Croal-Manuel refused medical treatment from the emergency personnel that responded but was later driven to, and left in the care of, a family member by two co-workers. In a letter to the FHWA dated September 19, 2005, Ms. Croal-Manuel's treating physician, Dr. David Bedell, discussed the medical evaluation of Ms. Croal-Manuel requested by the FHWA and informed it of his diagnosis of generalized anxiety disorder. Dr. Bedell indicated that it was highly probable that Ms. Croal-Manuel would make a full recovery and be capable of returning to work on October 3, 2005. He also noted that he "brought up the possibility of a transfer" for Ms. Croal-Manuel during a conversation with the FHWA

and that he believed a transfer might "help her re-entry and accommodation to work if that can be done."

As a result of the evaluation, Ms. Croal-Manuel was directed to return to work on October 3, 2005. FHWA documentation indicates that accommodation efforts were made upon Ms. Croal-Manuel's return, including reassignment of critical projects to other staff members, reduction in workload, and allowance for liberal leave. On October 31, 2005, Ms. Croal-Manuel failed to show up for work on time and, after being contacted by her supervisor, informed her supervisor that she was considering an application for disability retirement. The following day, Dr. Bedell signed a statement that Ms. Croal-Manuel would be unable to return to work "for an indefinite period of time." On or about November 3, 2005, the petitioner filed an application for disability retirement. In that application, Ms. Croal-Manuel described her condition as "jerking, nervous, shaking, not aware of surroundings at times, memory comes and go [sic], memory of date and time, crying intervals." She indicated that these problems would interfere with her performance, attendance and conduct, making her "unable to maintain daily working activities." Ms. Croal-Manuel also stated that her "[m]edical physician requested transfer out from the agency." In connection with the petitioner's disability retirement application, the FHWA certified, via a checked box, that "Reassignment is not possible. There are no vacant positions at this agency, at the same grade or pay level and tenure within the same commuting area, for which the employee meets minimum qualification standards."

On November 21, 2005, Ms. Croal-Manuel submitted an evaluation from Dr. Bedell in support of her application for disability retirement. The evaluation noted a history of depression and "escalating paranoia" dating

back to 2000, and stated, in the opinion of Dr. Bedell, that "she has not had a full recovery from Delusional Disorder for well over a year and has had a severe relapse . . . [i]t is not likely that she will recover within another year or even longer." According to Dr. Bedell, Ms. Croal-Manuel's condition may result in her becoming "static." The Office of Personnel Management (OPM) notified Ms. Croal-Manuel on December 16, 2005, that it had approved her disability retirement application and her retirement became effective on January 6, 2006.

On April 23, 2011, Ms. Croal-Manuel appealed her disability retirement to the Board alleging that her retirement in 2006 was involuntary and that she was the target of harassment. The AJ issued an Order to Show Cause on May 18, 2011, explaining that Ms. Croal-Manuel bears the burden of establishing timeliness of her filing and the Board's jurisdiction over her appeal. In the order, the AJ directed Ms. Croal-Manuel to answer a series of questions designed to assist the Board in determining jurisdiction. Ms. Croal-Manuel responded on May 31, 2011, stating that she has no limitations in performing her duties and that Dr. Bedell requested the accommodation of a "better working environment." She also stated that no accommodation was provided, but acknowledged that there were no positions available at any time that she believed would have accommodated her medical limitations.

The AJ issued the Initial Decision on June 20, 2011, dismissing Ms. Croal-Manuel's appeal for lack of jurisdiction finding that Ms. Croal-Manuel had failed to make a non-frivolous allegation that her retirement was involuntary. *Initial Decision* at 9-10. Specifically, the AJ found that Ms. Croal-Manuel effectively rescinded any request to continue working by informing her manager that she wished to resign and seek disability retirement. *Id.* at 7.

According to the AJ, this finding, coupled with her physician's determination that Ms. Croal-Manuel was unable to perform any work at all, relieved the FHWA of any obligation it may otherwise have had to provide reasonable accommodation. *Id.* The AJ also found that Ms. Croal-Manuel made no allegation that a reasonable accommodation was available during the period between her notifying the FHWA of any medical condition and her separation from the agency. *Id.* at 8. Finally, noting again that Ms. Croal-Manuel's physician certified that she was unable to work at all, the AJ found that no non-frivolous allegation had been made that the FHWA unjustifiably failed to offer an available accommodation. *Id.* Absent jurisdiction over Ms. Croal-Manuel's separation, the AJ found no jurisdiction existed over her claims of harassment. *Id.* at 9. The AJ did not address the timeliness of her appeal. *Id.* at 10.

On June 27, 2011, Ms. Croal-Manuel filed a petition for review alleging that the agency failed to provide written notice or explanation of any reasonable accommodation and coerced her into retiring. In its Final Order, dated December 1, 2011, the Board found no error in the AJ's determination and concluded that there was no new, previously unavailable, evidence. *Final Order* at 2. The Board also declined to address her arguments regarding coercion, noting that "the Board will not consider argument[s] raised for the first time in a petition for review absent a showing that they are based on new and material evidence not previously available despite the party's due diligence." *Id.*

Ms. Croal-Manuel timely appealed the Board's final decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

Our review of the Board's decisions is limited by statute. *Hamel v. President's Comm'n on Exec. Exch.*, 987 F.2d 1561, 1564 (Fed. Cir. 1993) ("We review Board decisions under a very narrow standard."). We must affirm a decision from the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction over an appeal is a question of law, which we review *de novo*. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999). The petitioner has the burden of establishing Board jurisdiction by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a)(2).

## DISCUSSION

The Board generally lacks jurisdiction over facially voluntary acts such as resignations and retirements. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1327-28 (Fed. Cir. 2006) (en banc). In order to establish a claim of involuntary disability retirement, rebutting the general presumption of voluntariness, the petitioner must prove that: (1) after the onset of her disability and prior to her retirement, she sought to continue working, despite her medical limitations, with an accommodation; (2) an accommodation was available on the date of her retirement at, or above, her position level; and (3) the agency refused to provide her with an accommodation. *See Benavidez v. Dep't of Navy*, 241 F.3d 1370, 1375 (Fed. Cir. 2001) (affirming the Board's decision using these criteria). When a petitioner makes non-frivolous claims that, if proven, would establish the Board's jurisdiction, the petitioner has a right to a hearing. *Garcia*, 437 F.3d at 1344. We

agree with the Board and the AJ that the petitioner has presented no such allegations here and, accordingly, that Ms. Croal-Manuel's appeal was properly dismissed for lack of jurisdiction.

As the AJ determined, the record does not support a non-frivolous allegation that Ms. Croal-Manuel sought to continue working, despite medical limitations, with an accommodation. Ms. Croal-Manuel points to the letter submitted by her treating physician as evidence of requesting transfer as an accommodation. But, the actual text of the letter is not consistent with Ms. Croal-Manuel's claims. Dr. Bedell merely noted that he raised the "possibility of transfer" with Ms. Croal-Manuel's supervisor and his belief that transfer would assist in her re-entry to work. In the next two paragraphs he stated that " Ms. Croal-Manuel is not disabled for work" and that "on October 3, she will be fit to perform all her duties without restrictions or accommodations." We agree with the AJ that this is insufficient to constitute a request for an accommodation as a predicate to continuation of work.

Moreover, we agree with the AJ that Ms. Croal-Manuel's submissions in connection with her request for disability retirement effectively rescinded any request for accommodation that may have been made. Ms. Croal-Manuel submitted letters from Dr. Bedell stating that she was "unable to return to work for an indefinite period of time" and that she was unlikely to recover in a year or more. She herself stated in applying for disability retirement that she was "unable to maintain daily working activities." The petitioner was unable to render useful and efficient service, with or without accommodation, on the effective date of her disability retirement, and, therefore, her retirement cannot constitute a constructive removal over which we have jurisdiction. *See, e.g., Nord-*

*hoff v. Dep't of Navy*, 78 M.S.P.R. 88 (1998), *aff'd*, 185 F.3d 886 (Fed. Cir. 1999).

Similarly, Ms. Croal-Manuel has failed to make a non-frivolous allegation that a reasonable accommodation was available at the time of her retirement. Ms. Croal-Manuel identified no available positions in any location that would have been a suitable accommodation, and, as described above, the record supports the AJ's determination that no accommodation existed that would have allowed Ms. Croal-Manuel to return to work. Absent suitable accommodations, there can be no claim that the FHWA withheld or refused to provide Ms. Croal-Manuel with such an accommodation.

On appeal, Ms. Croal-Manuel also requests that we address the question of why she received administrative leave as opposed to worker's compensation. The respondent answers that this argument was not raised prior to Ms. Croal-Manuel's appeal to this court and cannot be considered. We disagree. In her initial appeal to the Board, Ms. Croal-Manuel specifically identified the failure to receive worker's compensation as part of the relief requested. Regardless, because an employee may receive only either worker's compensation or disability retirement benefits, we interpret Ms. Croal-Manuel's complaint as merely restating her allegation that her election to take disability retirement was involuntary. *Benavidez*, 241 F.3d at 1373-74. For the reasons stated above, we find this claim to be without merit.

Finally, Ms. Croal-Manuel asserts that the Board and the FHWA failed to contact various FHWA employees and other individuals. While it is unclear when Ms. Croal-Manuel expected the Board or FHWA to contact these persons, it is clear that this appeal is the first time that such allegations have been raised. Because this argu-

ment was not presented to the Board, we decline to consider it. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998).

## CONCLUSION

For the reasons stated above, the final decision of the Board dismissing Ms. Croal-Manuel's appeal for lack of jurisdiction is *affirmed*.

## **AFFIRMED**

## COSTS

Each party shall bear its own costs.