NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CAULTON D. ALLEN,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

_____

2015-3224

_____

Petition for review of the Merit Systems Protection Board in No. DC-0752-07-0694-C-6.

_____

Decided: June 7, 2016

_____

CAULTON D. ALLEN, Fort Washington, MD, pro se.

WILLIAM JAMES GRIMALDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; GIA MARIE CHEMSIAN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, *Chief Judge,* O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Caulton D. Allen appeals from the final decision of the Merit Systems Protection Board (Board) in *Allen v. Dep't of Veteran Affairs*, No. DC-0752-07-0694-C-6, which denied his fourth petition for enforcement of a settlement agreement with the Department of Veterans Affairs (the agency). For the reasons discussed below, we affirm.

BACKGROUND

In 2007, the agency removed Mr. Allen from his position as an Equal Opportunity Specialist, GS-0360-12. Mr. Allen filed a petition for review with the Board challenging his removal. Shortly after, on August 30, 2007, the parties agreed to resolve the appeal through a settlement agreement. In the parties' settlement agreement, Mr. Allen agreed to, among other things, waive and withdraw in their entirety all proceedings against the agency, including his appeal, and to refrain from bringing any future proceedings against the agency, with the exception of any claims arising from a breach of the settlement agreement. J.A. 22–23 ¶¶ 1–6. In return, the agency agreed to "immediately cancel [Mr. Allen's] removal and reinstate him, effective May 26, 2007, for the purpose of facilitating his resignation." J.A. 24 ¶ 9. The agreement also obligated the agency to:

> [R]emove any and all information related to [Mr. Allen's] removal action from [his] Official Personnel File (OPF), change his removal to voluntary resignation, and make the following changes:
>
> > a. SF 50–B Notification of Personnel Action. Removal, dated May 26, 2007, will be canceled and removed, and [agency] will substitute a form SF 50–B Notification of

> Personnel Action reflecting [Mr. Allen's] resignation.
>
> b. SF–50–B Notification of Personnel Action. Suspension, dated August 28, 2006, will be cancelled and removed.

J.A. 24 ¶ 10. The agency also agreed that Human Resource Officer Jeanette Anderson, or her successor, if contacted regarding any employment inquiry or reference for Mr. Allen, would provide only the specific information contained in an exhibit to the agreement (Exhibit C), unless otherwise required by law. J.A. 24–25 ¶ 12.

The administrative judge presiding over the appeal determined that the settlement agreement was lawful on its face, freely reached by the parties, and that the parties understood the terms of the agreement. Accordingly, the judge entered the agreement into the record for enforcement purposes and dismissed Mr. Allen's appeal. *See Allen v. Dep't of Veteran Affairs*, No. DC-0752-07-0694-I-1, 2007 WL 4199611 (M.S.P.B. Sep. 6, 2007).

Mr. Allen has subsequently challenged the agency's compliance with the terms of the agreement on multiple occasions. Much of that history is detailed in this court's prior opinion regarding Mr. Allen's first and second petitions for enforcement of the agreement, *Allen v. Dep't of Veteran Affairs*, 420 F. App'x. 980 (Fed. Cir. 2011). We recount below the portions of that long history relevant to this appeal.

After the parties executed the settlement agreement, on December 30, 2008, Mr. Allen applied to the Department of Labor's Office of Workers' Compensation Programs (OWCP) for disability retirement benefits, claiming that he sustained a compensable, work-related "mental disorder/psychiatric illness." Mr. Allen alleged that he sustained serious emotional injury after being subjected to hostility and harassment from his supervisor prior to

his separation from the agency. In connection with Mr. Allen's benefits application, OWCP sent the agency a letter requesting specific information regarding the accuracy of Mr. Allen's claim. The letter also asked whether Mr. Allen had any performance or conduct problems. Ms. Anderson responded to these inquiries in narrative form and also enclosed supporting documentary evidence, including copies of Mr. Allen's removal notice and other documents related to his removal.

On May 11, 2009, Mr. Allen filed a petition for enforcement of the settlement agreement, alleging that the agency breached the agreement by (1) providing information to OWCP that it had agreed to expunge from Mr. Allen's OPF and (2) disclosing information other than what was contained in Exhibit C, despite having no legal obligation to do so. The agency responded that it had in fact purged the removal-related documents from his OPF pursuant to the agreement. It then argued that its disclosure did not violate the settlement agreement because the information came from a file other than Mr. Allen's OPF. On June 10, 2009, the administrative judge issued an initial decision denying Mr. Allen's enforcement petition, finding that Mr. Allen failed to prove the agency breached the agreement. *See Allen v. Dep't of Veteran Affairs*, No. DC-0752-07-0694-C-3, 2009 WL 2253664 (M.S.P.B. June 10, 2009). Mr. Allen filed a petition for review and the Board affirmed the initial decision. *Allen v. Dep't of Veteran Affairs*, 2009 M.S.P.B. 238 (M.S.P.B. Dec. 29, 2009). The Board concluded that the agreement only required the agency to expunge removal-related information from Mr. Allen's OPF and not from all agency-maintained files. The Board also found that the agency complied with the settlement agreement by removing from Mr. Allen's OPF all documents related to his removal. Finally, the Board also concluded that the agency was required by law to provide the disclosed information to OWCP and, in any event, Mr. Allen did not bargain for

non-disclosure to OWCP.  Mr. Allen timely appealed the Board's final decision to this court on February 24, 2010, in *Allen v. Dep't of Veteran Affairs*, Docket No. 2010-3178.

While Mr. Allen's appeal to this court was pending, on March 19, 2010, OWCP notified Mr. Allen that he was not eligible for the requested benefits due to his resignation from the agency.  The agency subsequently revealed to Mr. Allen that the removal-related documents shared with OWCP were separately maintained in an "unofficial settlement file."  Mr. Allen filed a second petition for enforcement on April 20, 2010, this time alleging that the agency breached the agreement by maintaining removal-related documents in his "OPF and/or another unauthorized secret personnel file."  The petition also claimed that the agency had been "dishonest" about the location of his OPF since his resignation.  On May 26, 2010, the administrative judge denied Mr. Allen's second petition.  *See Allen v. Dep't of Veteran Affairs*, No. DC-0752-07-0694-C-4, 2010 WL 2532749 (M.S.P.B. May 26, 2010).  The Board held that collateral estoppel barred Mr. Allen from relitigating these issues because the Board's earlier 2009 Final Decision specifically found that all removal-related documents were expunged from his OPF and that the retention of these documents outside of his OPF did not breach the terms of the settlement agreement.  That decision became final on June 30, 2010.  On August 30, 2010, Mr. Allen appealed to this court in *Allen v. Dep't of Veteran Affairs*, Docket No. 2010-3178, and his two appeals were consolidated.

In the first appeal (No. 2010-3088), Mr. Allen argued that the Board erred in finding that the agency did not materially breach the parties' agreement by retaining removal-related documents and furnishing them to OWCP.  He also argued that the Board "failed to address [his] claims of bias exhibited by the [administrative judge] during compliance proceedings" and, instead, "exhibit[ed] its own bias by presenting arguments on behalf of the

agency." In the second appeal (No. 2010-3178), Mr. Allen argued that the administrative judge misapplied the collateral estoppel doctrine and improperly barred him from litigating the "issue of whether documents related to [his] removal action were properly expunged from [his] OPF." On May 13, 2011, we affirmed both of the Board's final decisions in *Allen v. Dep't of Veteran Affairs*, 420 F. App'x. 980 (Fed. Cir. 2011).

As to Mr. Allen's first petition for enforcement, we agreed with the Board that the plain language of the agreement required only the removal of documents from his OPF. We also concluded that the Board's finding that the agency was required by law to disclose the documents to OWCP was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Finally, we found meritless Mr. Allen's arguments that the Board was biased against him and that he was improperly denied an evidentiary hearing. As to Mr. Allen's second petition for enforcement, we found that the Board properly applied the collateral estoppel doctrine to bar Mr. Allen's second challenge to the agency's retention of removal-related documents.

Mr. Allen then filed a third petition for enforcement of the settlement agreement, in which he alleged the agency breached the agreement in connection with a reference check. In response to an inquiry from a potential employer regarding Mr. Allen's work performance, trustworthiness, and interpersonal skills, Ms. Anderson indicated that she could not speak to Mr. Allen's work performance and trustworthiness because she was a Human Resources Officer and not his supervisor. According to Mr. Allen, this response suggested that Ms. Anderson was limited in the information she could provide regarding his employment history and, thus, was a breach of the settlement agreement. The administrative judge disagreed and denied the petition for enforcement. *Allen v. Dep't of Veteran Affairs*, No. DC-0752-07-0694-C-5, 2012 WL

2869818 (M.S.P.B. May 31, 2012). The administrative judge found the settlement agreement "specifically provided [Ms. Anderson] could tell prospective employers she was not '[Mr. Allen's] supervisor'" and "adding that she was a 'Human Resources Officer' only supplements the statement she was not his supervisor, and is not a statement that is contradictory to the essence of the contract." *Id.* On petition for review, the Board affirmed the initial decision. *See Allen v. Dep't of Veteran Affairs*, No. DC-0752-07-0694-C-5, 2013 WL 9668780 (M.S.P.B. Feb. 1, 2013). Mr. Allen did not appeal the Board's final decision.

On December 31, 2014, Mr. Allen filed the current petition for enforcement—the fourth alleging that the agency breached the parties' settlement agreement. In the petition, Mr. Allen sought to have the agreement deemed invalid and unenforceable for failure to satisfy the requirements of the Age Discrimination in Employment Act (ADEA) and the Older Workers Benefits Protection Act (OWBPA). J.A. 19–21; J.A. 27. According to Mr. Allen, "any 'knowing and voluntary' waiver of rights under the ADEA in a settlement agreement must specifically refer to the rights or claims under the ADEA in the paragraph that references the benefits that it covers and must refer to the ADEA by name in connection with the waiver." J.A. 19. Mr. Allen alleged that the agreement was defective for failing to satisfy this requirement and, thus, must be set aside. Mr. Allen also alleged that the agency materially breached the agreement by engaging in repeated acts of post-settlement retaliation. J.A. 28–31. Finally, he again argued that the agency materially breached the agreement by continuing to maintain documents related to his removal in 2007. J.A. 31–32.

The administrative judge issued an initial decision denying Mr. Allen's fourth petition for enforcement. *Allen v. Dep't of Veteran Affairs*, No. DC-0752-07-0694-C-6, 2015 WL 4485924 (M.S.P.B. July 17, 2015). As to Mr. Allen's challenge to the validity of the agreement, the

administrative judge concluded there is nothing in the cited regulations to indicate the parties' 2007 settlement agreement failed to comply with the requirements of the ADEA or OWBPA. The administrative judge went on to state that, in any event, even if Mr. Allen had a valid claim that the parties' agreement was inconsistent with the requirements of the OWBPA, the Board's compliance jurisdiction under a petition for enforcement of a settlement agreement does not cover issues as to the validity of that agreement. The judge also found that none of Mr. Allen's examples of "retaliatory post-settlement behavior" constituted material breaches of the settlement agreement. And the judge found that the Board had already evaluated and rejected Mr. Allen's argument as to the retention of removal-documents, barring him from again raising this argument under the collateral estoppel doctrine.

Mr. Allen chose not to file a petition for review with the full Board and the administrative judge's initial decision became the final decision of the Board. Mr. Allen now seeks review from this court. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(9).

STANDARD OF REVIEW

Our review of Board decisions is limited by statute. *Hamel v. President's Comm'n on Exec. Exch.*, 987 F.2d 1561, 1564 (Fed. Cir. 1993) ("We review Board decisions under a very narrow standard."). We can set a Board decision aside only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The petitioner bears the burden of establishing any errors in the Board's decision. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

DISCUSSION

In this appeal, Mr. Allen contends that the administrative judge (1) erred in refusing to invalidate the settlement agreement; (2) erred in finding that the agency did not breach the agreement; and (3) was biased against Mr. Allen and deprived him of a fair opportunity to present his case in violation of his right to due process. Because the administrative judge's decision was not arbitrary, capricious, an abuse of discretion, or otherwise in conflict with law, and was supported by substantial evidence, we affirm. We address each of Mr. Allen's arguments in turn.

I.

Mr. Allen first argues that the Board should have invalidated the parties' settlement agreement because it does not meet the strict requirements set forth in the OWBPA regarding waiver of employment-related benefits. Pet. Inf. Br. at 1–2. We have previously noted, however, that a petitioner may not challenge the validity of a settlement agreement in an appeal arising from a petition for enforcement. *Harris*, 142 F.3d at 1468 (Fed. Cir. 1998) (noting that, under Board precedent, the petitioner may not question validity of a settlement agreement in a petition for enforcement because "the Board only entertains allegations that a settlement agreement is invalid in a petition for review"); *see also Hatcher v. Dep't of Justice*, 76 M.S.P.R. 97, 99 (M.S.P.B. 1997) ("It is well-settled that an attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision, and not in a petition for enforcement.").

The proper vehicle for Mr. Allen to challenge the validity of the agreement would have been in a petition for review of the September 6, 2007 initial decision in *Allen v. Dep't of Veteran Affairs*, No. DC-0752-07-0694-I-1, 2007 WL 4199611 (M.S.P.B. Sep. 6, 2007), that dismissed his

appeal as settled. The administrative judge thus correctly recognized that it did not possess jurisdiction to entertain Mr. Allen's validity challenge based on the alleged failure to satisfy the requirements of the OWBPA.

## II.

Mr. Allen also argues that the agency breached the agreement by engaging in a pattern of retaliatory actions designed to deny him the benefits of the settlement agreement in violation of the implied covenant of good faith. Pet. Inf. Br. 3–8. He identifies eight specific instances where the agency allegedly submitted incomplete, inaccurate, and untimely information in connection with his claims for benefits. Mr. Allen does not argue that each of these separate acts breach the express terms of the contract. *Id.* He instead contends that:

> When all eight (8) examples of retaliatory acts are reviewed together, they clearly demonstrate a pattern of animosity, hostility, and determination by Agency employees, specifically Agency HR employee Jeanette Anderson, to deprive the Petitioner of the benefits that he received as a bargain for in exchange for agreeing to withdraw his appeal of the Agency's fabricated charges of misconduct.

*Id.* at 4. Having reviewed the record, we agree with the administrative judge that Mr. Allen failed to establish that the agency breached the agreement by engaging in bad faith retaliation.

A settlement agreement is a contract, the interpretation of which is a matter of law reviewed by this court *de novo*. *Harris*, 142 F.3d at 1467 (Fed. Cir. 1998). Whether a settlement agreement has been breached is a factual finding, which we review for substantial evidence. *See Thomas v. Dep't of Hous. & Urban Dev.*, 124 F.3d 1439, 1441–42 (Fed. Cir. 1997). Every contract contains an implied covenant that the parties fulfill their respective

contractual obligations in good faith.  *See Link v. Dep't of the Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995).  Thus, a party breaches its obligation of good faith and fair dealing by acting in bad faith with respect to a settlement term. *Id.*  "Bad faith" is not simply bad judgment or negligence but instead implies conscious wrongdoing because of dishonest purpose or moral obliquity.  *See Silva v. U.S. Postal Service*, 59 M.S.P.R. 268, 272 (1993) (quoting Black's Law Dictionary (6th Ed.), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table)).

Without any citation to evidence in the record, Mr. Allen argues "[t]he [a]gency's 'bad faith' is embedded in the fact that Agency Office of Resolution Management employees are still angry and humiliated that it had to resolve [his] appeal of his wrongful termination based on fabricated charges of misconduct by allowing him to be reinstated, resign, give him a 'clean record', and access to employment related benefits that he was entitled to claim and receive, rather than end his employment based on fabricated charges of misconduct."  Pet. Inf. Br. at 4.  The record on appeal, however, shows that Mr. Allen only made allegations that isolated actions of incorrect and/or delayed processing of benefits claims were purposeful; he did not support those bare allegations with any actual evidence of conscious wrongdoing.  Although Mr. Allen argues the administrative judge failed to properly consider all material and relevant facts, he does not identify the specific facts of dishonest purpose that he believes the administrative judge overlooked.  Accordingly, Mr. Allen has not carried his burden of demonstrating error in the administrative judge's failure to find bad faith.

The administrative judge also properly concluded that Mr. Allen is precluded from once again relitigating the agency's retention of removal documents.  *See Stephen Slesinger, Inc. v. Disney Enter., Inc.*, 702 F.3d 640, 644 (Fed. Cir. 2012) ("The doctrine of issue preclusion, or collateral estoppel, protects the finality of judgments by

preclud[ing] relitigation in a second suit of issues actually litigated and determined in the first suit." (citations and internal quotation marks omitted)). We already affirmed the Board's prior application of collateral estoppel to bar Mr. Allen's challenge to the retention of removal-related documents. *See Allen*, 420 F. App'x at 991.

We, therefore, cannot conclude that the administrative judge's decision rejecting Mr. Allen's claims of breach of the settlement agreement is arbitrary, capricious, or unsupported by substantial evidence.[1]

## III.

Last, Mr. Allen claims that the administrative judge was biased against him and violated his right to due process. Pet. Inf. Br. at 9–12. In support of his claim of bias, Mr. Allen cites the administrative judge's refusal to

---

[1] Mr. Allen also appears to argue that, alternatively, the settlement agreement is invalid because the agency's post-settlement actions demonstrate that the agency engaged in bad faith when it negotiated the settlement terms. Pet. Inf. Br. at 4. He urges that the agency "made illusory promises designed to entice [him] into settling their dispute and once he withdrew his right to a hearing, the [a]gency's bargain, the [a]gency intended to deny him the benefit of his bargain." Pet Inf. Reply Br. at 24–25. To the extent that this is a distinct invalidity argument based on "bad faith" in the formation of the contract, rather than a post-settlement breach of the implied covenant of good faith, it is similarly flawed for lack of jurisdiction in this petition for enforcement. We also note that these bald allegations of bad faith, unsupported by any corroborating evidence, fall far short of meeting the "heavy burden" to prove that the settlement agreement was invalid. *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982).

hold both an evidentiary hearing and obtain a handwriting expert to authenticate the signatures on four declarations of Ms. Anderson submitted by the agency in response to Mr. Allen's various petitions for enforcement. *Id.* Because of the perceived bias by the administrative judge, Mr. Allen requests this court remand his case for review by an impartial "Special Panel" rather than the Board. *Id.* at 8–9.

According to Mr. Allen, the signatures in each of Ms. Anderson's declarations are different, thus indicating that each declaration must not have been signed by Ms. Anderson. *Id.* at 9. Mr. Allen contends this is evidence that the agency engaged in fraud upon the Board. *Id.* Mr. Allen argues the administrative judge's determination that the signatures appear sufficiently similar to indicate they were signed by the same person is "erroneous and an attempt to conceal the errors in adjudication that have been intentionally committed at the [Board] in an effort to bind [Mr. Allen] to an invalid settlement agreement because of the costs financially to the [a]gency, as well as the reputations of the [agency] and [Board], if the [Board] dare overturn the parties' 2007 settlement agreement." *Id.*

To establish bias by the administrative judge or the Board, the appellant must make a showing of "a deepseated favoritism or antagonism that would make fair judgment impossible[.]" *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, as in Mr. Allen's previous appeal to this court, *Allen*, 420 F. App'x at 989, his allegations of bias are nothing more than assertions of abuse of discretion and legal error. In any event, they lack merit.

There is no right to an evidentiary hearing in a petition for enforcement, and the decision to hold such a hearing is within the sound discretion of the Board. *See* 5

C.F.R. § 1201.183(a)(3); *see also Allen*, 420 F. App'x at 989. Mr. Allen's argument that the judge was required to have a handwriting expert review the contested signatures pursuant to Federal Rule of Evidence 901(a) is also misplaced because the Federal Rules of Evidence do not apply to Board hearings. *Yanopoulos v. Department of Navy*, 796 F.2d 468, 471 (Fed. Cir. 1986). Regardless, Mr. Allen has not established that the perceived inconsistencies relate to a material issue of fact in his petition for enforcement.

Mr. Allen has also not shown how the administrative judge's exercise of discretion is evidence of favoritism or antagonism, and so he does not come close to meeting the high standard set out in *Bieber*. The record in the present case establishes that the administrative judge applied settled law to the facts of Mr. Allen's case, and that his conclusions based on those facts were supported by substantial evidence. Mr. Allen has, therefore, not shown that the administrative judge was biased against him or that his right to due process was violated.[2]

---

[2] Mr. Allen dedicates much of his argument to recounting the alleged bias of the administrative judge that he previously accused of bias in *Allen*, 420 F. App'x 980. Pet. Inf. Br. at 10–11. However, Mr. Allen does not demonstrate why the actions of the previous administrative judge should be attributed to the administrative judge presiding over the petition that is the subject of this appeal and, in any event, this court already considered those allegations of bias and found them without merit. *Id.* at 989.

CONCLUSION

We have considered all of the arguments raised in Mr. Allen's informal brief. We find them unpersuasive. Accordingly, the decision of the Board is *affirmed*.[3]

**AFFIRMED**

COSTS

Costs awarded to the Department of Veterans Affairs.

---

[3] We have also considered both of Mr. Allen's belated motions filed on May 26, 2016 and find them to be without merit. In the first motion, Mr. Allen seeks to have his appeal transferred to the District Court for the District of Columbia on the grounds that we (1) lack jurisdiction over his appeal and (2) have exhibited such extreme bias against him in the past that we are incapable of issuing an impartial decision in this case. In the second motion, Mr. Allen seeks to withdraw his purported challenge that the allegedly retaliatory post-settlement acts were motivated by illegal discrimination under Title VII on the grounds that we lack jurisdiction over that issue. As to the jurisdictional issue, we have reviewed the available record and find that the illegal discrimination Mr. Allen now references was neither put forth as a basis for his petition for review nor in his appeal to this court. Thus, this appeal is not excluded from our jurisdiction as one of discrimination pursuant to the provisions of 5 U.S.C. §§ 7702, 7703(b)(1), and we retain exclusive jurisdiction. *See Meehan v. U.S. Postal Serv.*, 718 F.2d 1069, 1074 (Fed. Cir. 1983). As to Mr. Allen's allegations of this court's bias, we find that, like his prior allegations of bias against the Board and its administrative judges, they too lack any merit. We, therefore, deny Mr. Allen's request to transfer his appeal.