Garry R. HAMILTON, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 01–3122.

United States Court of Appeals,
Federal Circuit.

July 13, 2001.

Before MAYER, Chief Judge, NEWMAN and MICHEL, Circuit Judges.

PER CURIAM.

Garry R. Hamilton seeks review of the November 2, 2000, decision by the Merit Systems Protection Board, Docket No. DC0752000603I–1, dismissing as untimely his appeal alleging that his retirement from the Department of the Navy was involuntary and based on discrimination. We *affirm*.

█ We review the board's decisions under a narrow standard. *See Hamel v. President's Comm'n on Executive Exch.*, 987 F.2d 1561, 1564 (Fed.Cir.1993). We must affirm absent a showing that a decision is, "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

█ When an employee has filed a formal complaint of discrimination with an agency and has received a final agency decision on the discrimination issue, an appeal to the board must be filed within 30 days of receipt of the agency's decision. 5 C.F.R. § 1201.154(b)(1) (2001). In its discretion, the board may grant a waiver for an untimely appeal on a showing of good cause. 5 C.F.R. § 1201.22(c) (2001). Factors that determine good cause include "the length of the delay; whether appellant was notified of the time limit or .was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from the waiver of the time limit." *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir.1994) (citations omitted).

█ Hamilton argues that the board should have granted him a waiver because (1) he was confused as to whether he was allowed 30 calendar or 30 working days to file his appeal and the agency failed to clarify the issue for him, (2) he was busy caring for his ill father, (3) he was *pro se*, and (4) the administrative judge was biased in favor of the government's attorney.

Hamilton has not shown any abuse of discretion by the board. *See Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) ("[G]ood cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board."). First, the agency's decision on Hamilton's discrimination complaint specifically instructed him that he had 30 *calendar* days after receipt of the decision to file an appeal with the board. The record shows that Hamilton received these instructions, as he signed for this decision by certified mail on May 2, 2000. The board's statement to Hamilton that 30 days were allowed to file an appeal did not create any ambiguity with these instructions that could cause him to miss the deadline. Second, Hamilton failed to provide persuasive evidence that his filial duties affected his ability to comply with the appeal deadline. He did not provide daily care for his father, and his father attended only one medical appointment during the 30–day appeal timeframe.

Third, the board did not abuse its discretion in denying the waiver solely on the basis of Hamilton's *pro se* status. *Pro se* applicants must accept the consequences of choosing to represent themselves. *See Yanopoulos v. Dep't of Navy*, 796 F.2d 468, 470 (Fed.Cir.1986) (waiver for a *pro se* appellant denied). Moreover, although Hamilton's eight-day delay in filing was relatively short, the administrative judge and the board are fully justified in dismissing an untimely appeal. *See Cheguina v. Merit Sys. Prot. Bd.*, 69 F.3d 1143, 1145 (Fed.Cir.1995) (waiver for a ten-day delay denied).

Finally, Hamilton fails to cite any evidence indicating bias in the record. The administrative judge's order properly applies the procedures and the rules of established law.