**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ZAINAB MANSARAY,
Appellant,

v.

DEPARTMENT OF VETERANS AFFAIRS,
Agency.

DOCKET NUMBER
PH-0752-15-0174-I-1

DATE: July 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Zainab Mansaray, Lowell, Massachusetts, pro se.

Paul V. Usera, Bedford, Massachusetts, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant from her position as a Nursing Assistant at the Department of Veterans Affairs effective December 5, 2014. Initial Appeal File (IAF), Tab 5 at 65. In the removal decision, the agency informed the appellant that she could file an appeal with the Board no later than 30 calendar days after she received the decision or after the effective date of her removal, whichever date was later. *Id*. at 66. It is undisputed that the appellant received a copy of the removal decision on November 25, 2014, before her removal became effective on December 5, 2014, and that she filed her Board appeal 8 days after the filing deadline on January 12, 2015. IAF, Tab 1, Tab 5 at 65, 68, Tab 13, Initial Decision (ID) at 2, 4.

¶3 The agency filed a motion to dismiss the appeal as untimely filed, arguing that the appellant offered no excuse for her untimely filing. IAF, Tab 5 at 8-9. In the motion, the agency set forth the appellant's burden of proof on the timeliness issue and identified the factors that she was required to prove to establish good cause for her filing delay. *Id*. at 9. The appellant opposed the agency's motion, arguing that the administrative judge should waive the filing deadline because "[t]he Ebola outbreak killed two of [her] sisters and a cousin in early

December 2014," and she was unable "to concentrate on anything else" and file her appeal. IAF, Tab 6 at 1.

¶4 The agency responded by arguing that the appellant's ability to make Facebook posts in December 2014, consisting of "funny videos and positive comments" that were inconsistent with "what one would expect to read if the Appellant had recently lost a family member," showed that she was capable of filing a timely appeal with the Board. IAF, Tab 8 at 5. The agency submitted screenshots from the appellant's Facebook page and noted that there were no posts about a death in her family or condolences from friends. *Id*. at 5, 8-17. Based on the foregoing, the agency argued that the appellant failed to show good cause for her filing delay. *Id*. at 5. The administrative judge ordered the appellant to respond to the agency's submission on or before March 2, 2015. IAF, Tab 9. The day after issuing that order, the administrative judge received the appellant's statement arguing the merits of her appeal and reasserting that she lost three family members to Ebola in early December 2014, in Sierra Leone. IAF, Tab 10.

¶5 On March 3, 2015, the administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown. ID at 1, 5. Although he expressed sympathy for the appellant's loss, the administrative judge found that she failed to exercise due diligence in filing her appeal. ID at 4-5. In reaching his decision, the administrative judge found it undisputed that the agency gave the removal letter to the appellant before her removal became effective on December 5, 2014; therefore, her appeal was due on January 4, 2015, and she filed her appeal 8 days late. ID at 4. The administrative judge also found that the appellant did not dispute that the removal decision clearly stated the deadline for filing her appeal with the Board. ID at 5. In addition, the administrative judge found that the appellant failed to rebut the agency's evidence of her lighthearted posts on Facebook indicating that, although she may have experienced loss, she still was fully functional and could have filed her appeal on

time. *Id*. The appellant filed a timely petition for review of the initial decision, and the agency responded in opposition to her petition. Petition for Review (PFR) File, Tabs 1, 3.

¶6 An appeal must be filed with the Board no later than 30 days after the effective date of the action being challenged or 30 days after receipt of the agency's decision, whichever is later. ID at 3; *see* 5 C.F.R. § 1201.22(b). Any late-filed appeal will be dismissed as untimely unless the appellant shows good cause for the filing delay. ID at 3; *see* 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. ID at 3-4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. ID at 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). If the appellant shows good cause for the untimely filing of her appeal, waiver of the filing deadline is appropriate absent a showing that the delay in filing caused substantial prejudice to the agency. *See Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1583-84 (Fed. Cir. 1994).

¶7 On review, the pro se appellant argues that she exercised due diligence in filing her appeal, that she proved good cause to waive the filing time limit, and that the agency would not be prejudiced by reopening her appeal. PFR File, Tab 1 at 2. She states that she would have refuted the agency's allegations about her posting on Facebook if she had been aware of the agency's assertions, and

that the Facebooks posts were made by her friends.[2] *Id*. at 1. She further argues, inter alia, that it was a very stressful time because she was completely preoccupied with mourning the dead and figuring out how to help her other family members in the Ebola holding centers in Freetown, Sierra Leone. *Id*.

¶8 For the first time on review, the appellant also submits certificates from the Government of Sierra Leone, Ministry of Health and Sanitation, confirming the Ebola related deaths on December 6, 2014, of two people who share her last name, and the Ebola related death of a third person on January 3, 2015. *Id*. at 3-5. The appellant states that documentary proof of death from Sierra Leone was previously unavailable to her because of the Ebola crisis. *Id*. at 2. Upon considering the appellant's evidence and arguments on review, we find no reason to disturb the initial decision dismissing her appeal as untimely filed without good cause. The appellant's general statement that she was under stress from the deaths in her family does not establish good cause for her untimely filed appeal. *See Robinson v. Office of Personnel Management*, 56 M.S.P.R. 325, 327 (finding that a general allegation that an appellant is under stress does not establish good cause for an untimely filing), *aff'd*, 5 F.3d 1505 (Fed. Cir. 1993) (Table); *see also Virgil v. U.S. Postal Service*, 75 M.S.P.R. 109, 113 (1997).

¶9 In reaching our decision, we accept as true the appellant's evidence and argument that she lost three family members in the Ebola epidemic in Sierra Leone between the effective date of her removal and the time limit for filing her appeal. We also accord no probative value to the Facebook postings submitted by the agency on appeal as to the existence or depth of her grief. We nonetheless

[2] The appellant does not explain why she was unaware of the agency's evidence and argument concerning her Facebook posts, which the agency mailed to her on February 8, 2015, almost 1 month before her March 2, 2015 deadline for responding to the agency's submission on appeal. IAF, Tab 8 at 18, Tab 9 at 1. Because the appellant has not shown that she based her argument about the Facebook posts on new and material evidence that was previously unavailable despite her due diligence, the Board will not consider her argument on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

find that the agency properly informed the appellant of the time limit for filing her appeal, and she failed to provide evidence that the death of her relatives in Sierra Leone, or any other circumstances beyond her control, affected her ability to file a timely appeal or to request an extension of the filing deadline. *See Tyler v. U.S. Postal Service*, 87 M.S.P.R. 460, 463 (2001) (the appellant must show good cause for not seeking an extension in advance of the filing date); *Virgil*, 75 M.S.P.R. at 113 (rejecting the appellant's claim that caring for his brother who was ill and died of cancer and tending to matters pertaining to the death of his uncle established good cause for his untimely filed petition); *Moorman*, 68 M.S.P.R. at 62-63; *see also Hamilton v. Merit Systems Protection Board*, 15 F. App'x 867, 868-69 (Fed. Cir. 2001) (affirming the Board's dismissal of an appeal as untimely filed by 8 days because the pro se appellant received specific notice of the filing deadline and she failed to prove that taking care of her father affected her ability to file a timely appeal).[3] We therefore deny the appellant's petition for review of the initial decision that dismissed her appeal as untimely filed.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

[3] The Board may rely on nonprecedential Federal Circuit decisions if it finds, as it does here, the court's reasoning persuasive. *Encardo v. Office of Personnel Management*, 116 M.S.P.R. 301 ¶ 12 n.6 (2011).

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: ______________________________

William D. Spencer
Clerk of the Board

Washington, D.C.