**Theodore YANOPOULOS, Petitioner,**

v.

**DEPARTMENT OF the NAVY,
Respondent.**

**Appeal No. 85–2592.**

United States Court of Appeals,
Federal Circuit.

July 23, 1986.

Jeffrey A. Vogelman, of Ballenger & Vogelman, Alexandria, Va., argued, for petitioner.

Jonathan S. Baker, of the Dept. of Justice, Washington, D.C., argued, for respondent. On brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan, Asst. Director, and Elaine J. Guth, Commercial Litigation Branch, Dept. of Justice, Washington, D.C. Of counsel was Dale Birdoff, Office of the Gen. Counsel, Dept. of the Navy.

Before FRIEDMAN, Circuit Judge, COWEN, Senior Circuit Judge, and BENNETT, Senior Circuit Judge.

PER CURIAM.

Petitioner appeals from a decision of the Merit Systems Protection Board (MSPB or Board), 27 M.S.P.R. 647 (1985), which sustained the decision of the Department of the Navy (agency) to remove petitioner from his position because of unacceptable performance. We affirm.*

Petitioner served as an electronics engineer until the agency removed him from the Federal service because of unacceptable performance, effective October 1, 1982. On appeal before the MSPB, at which petitioner appeared *pro se*, the presiding official sustained the agency's decision and the full Board denied petitioner's request for review. In his appeal to this court, petitioner does not challenge the sufficiency of the evidence to support his removal for unacceptable performance. Instead, he asserts that there were a number of prejudicial procedural errors in the conduct of his hearing before the MSPB.

A.

■ Petitioner first contends that the MSPB failed to furnish him adequate information regarding his statutory "right to counsel," granted under 5 U.S.C. § 7701(a)(2), or the nature of the MSPB's proceedings. Section 7701(a)(2) provides that an employee appealing to the MSPB shall have the right "to be represented by an attorney or other representative." The statute is not a "right to counsel" as petitioner would seem to suggest, but is a "right to representation" of the employee's choice, which representative may or may not be an attorney licensed to practice law.

We find that the MSPB adequately informed petitioner of his statutory right to representation. The form (Optional Form 283), on which petitioner filed his appeal

---

* This opinion was originally issued in unpublished form on January 28, 1986. It is reissued for publication in response to a motion of the Merit Systems Protection Board filed on June 24, 1986.

with the MSPB states, just above petitioner's signature that:

27. YOU HAVE THE RIGHT TO DESIGNATE SOMEONE TO REPRESENT YOU ON THIS APPEAL IF HE/SHE AGREES TO DO SO. THIS PERSON DOES NOT HAVE TO BE AN ATTORNEY * * *.

The MSPB acknowledged receipt of petitioner's appeal by mailing him an *Initial Order*, dated October 12, 1982, which stated that if petitioner wished to be represented, he should file a Designation of Representative form with the Board. Contrary to petitioner's assertion, these forms do not discourage Federal employees appealing to the MSPB from seeking representation by attorneys. The wording of the form that the "person does not have to be an attorney," implies that the employee may choose a representative who is an attorney if he so desires.

The record in this case indicates that petitioner knew of his right to representation by an attorney. On November 30, 1982, petitioner sent a handwritten note to the presiding official stating: "I will secure a counsel to conduct discovery." This vitiates his argument that the MSPB did not adequately inform him of that right.

■ We find that the MSPB adequately informed petitioner of the nature of the proceedings. In the *Initial Order* sent to him on October 12, 1982, the presiding official outlined the Board's rules of procedure. Three attachments included with that order fully discussed discovery procedures, such as production of documents. On November 1, 1982, the presiding official sent petitioner an *Order for Hearing*, which set the date and time of the hearing, stated the time limits for motions, and in an attachment, fully discussed the procedures for arranging the appearance of witnesses at the hearing. These forms provide a Federal employee appealing to the MSPB sufficient notice of the nature of the proceedings.

More importantly in this case, we find it incredible that petitioner did not know the nature of an MSPB hearing. He had been a Federal employee for 31 years and had attained the GS–12 level. The agency had recently removed him from Federal service through a lengthy and formal process that must have impressed upon him the nature of this action. In light of his tenure as a Federal employee, the level of intelligence presumed from his rank, and the formality of the process used to remove him from the Federal service, petitioner must have known the nature of the MSPB adjudication of his appeal.

■ No statute or regulation requires the MSPB to appoint a representative for an employee appealing to the Board. *Marsheck v. Department of Transportation,* 15 M.S.P.R. 423 (1983). The MSPB adequately informed petitioner of his right to representation and of the nature of the proceedings. He was obligated to secure his own representation, if he desired it. *Thompson v. United States Coast Guard,* 10 MSPB 397, 11 M.S.P.R. 461 (1982). Petitioner chose to proceed *pro se* and must accept the consequences of that decision.

### B.

Petitioner also contends that he did not receive a full and fair hearing before the presiding official. Petitioner argues that the presiding official denied petitioner's right to call four witnesses, and that the presiding official improperly allowed agency's counsel to prove its case through extensive use of leading questions. We reject both contentions.

Petitioner argues that his letter of December 7, 1982, wherein he stated: "I wish to have available for me a presently unknown number of witnesses called by my Agency," was adequate notice to the presiding official to require the appearance of four witnesses whom petitioner wished to use in his behalf. However, on November 1, 1982, the presiding official sent petitioner an *Order for Hearing*, which included an attachment outlining the procedures for arranging the appearance of witnesses. Petitioner did not arrange for the appearance of the four witnesses voluntarily, as is

the first step in the procedures. Nor did he seek to cooperate with the agency in arranging for these witnesses to appear at the hearing, which is the second step. We do not read petitioner's letter of December 7, 1982, as a request for the issuance of subpoenas to compel the appearance of the witnesses.

■ Having neglected to follow the procedures for arranging the appearance of witnesses outlined in the presiding official's *Order for Hearing,* petitioner was unable to show that there was good cause for requiring the appearance of those witnesses. The failure to obtain the presence of the witnesses was petitioner's fault. We find no error in the denial by the presiding official on the day of the hearing of petitioner's request that four witnesses be compelled to appear.

■ Petitioner has not persuaded us that he was prejudiced by the use of leading questions by the agency's counsel. Although the Federal Rules of Evidence do not apply to Board hearings, *Debose v. United States Department of Agriculture,* 700 F.2d 1262, 1268 (9th Cir.1983), they are a helpful guide to proper hearing practices. Even the Federal Rules of Evidence, which apply in stricter and more formal trial proceedings, allow for the use of leading questions to develop testimony. *F.R. Evid.* 611. We hold that the presiding official did not err in permitting the agency's counsel to use leading questions in this case.

■ Finally, we find that the presiding official fulfilled his obligation to assume an active role in helping petitioner in this case since he appeared *pro se. Sims v. Harris,* 631 F.2d 26, 28 (4th Cir.1980). Here the presiding official assisted petitioner in a number of ways, including his questioning of witnesses and his opening and closing statements.

AFFIRMED.