895 F.2d 1422
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RAYMOND HAUGES, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3299.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1990.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner, Raymond Hauges (Hauges), appeals the decision of the Merit Systems Protection Board (board), No. NY07528710357 (April 21, 1989), which affirmed the September 4, 1987, initial decision of the Administrative Judge (AJ). The AJ upheld the agency's removal of Hauges from his position as a full-time letter carrier, level 5, with the United States Postal Service (USPS or agency). We affirm, and we also deny petitioner's request to transfer this case to the United States District Court for the Southern District of New York.
 
 OPINION
 
 2
 * Petitioner's first major contention is that the USPS deliberately interfered with his effort to obtain witnesses for the hearing before the MSPB.
 
 
 3
 In the administrative judge's letter of July 9, 1987, entitled "Notice of Hearing and Hearing Order", petitioner was informed of, inter alia, the procedures to be followed for witnesses whom he wanted to testify at the hearing. The notice specifically stated that "[t]he parties shall submit a witness list at least fifteen (15) days prior to the hearing." Additionally, the notice informed Hauges that he could employ the assistance of the AJ in securing witnesses by filing a written motion, identifying the witnesses sought and stating the nature and relevance of their testimony. See 5 C.F.R. Sec. 1201.33 (1989) ("Every Federal agency or corporation shall make its employees or personnel available to furnish sworn statements or to appear as witnesses at the hearing when ordered by the presiding official.").
 
 
 4
 Petitioner neither submitted a witness list to the AJ nor did he request his assistance in securing the witnesses. Instead, Hauges hand-delivered a list of witnesses to the agency on the afternoon of August 4, 1987, the day before the hearing. Although the witnesses did not appear at the hearing, the record does not reflect that either Hauges or his representative commented on their absence.
 
 
 5
 Since he failed to follow the procedure for obtaining the appearance of the witnesses and never raised this issue in the hearing before the AJ, petitioner's first contention must be rejected. See Yanapoules v. Department of the Army, 796 F.2d 468, 471 (Fed.Cir.1986).
 
 II
 
 6
 Petitioner's next contention is that the hearing involved in this appeal was barred by res judicata, because the underlying charges were the same as those that were the subject of a settlement agreement. However, because petitioner failed to raise this issue before the board, he cannot raise it here. Lizut v. Department of the Army, 717 F.2d 1391, 1395-96 (Fed.Cir.1983).
 
 III
 
 7
 Petitioner requests that this action be remanded to the district court to hear his discrimination claim. We treat this request as one for transfer, because this case was never before the district court. Since Hauges did not submit any evidence of discrimination at the MSPB hearing, there is no basis for the transfer.