925 F.2d 1479
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George A. MARSHALL, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 90-3303.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1991.
 
 Before RICH, PAULINE NEWMAN and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 George A. Marshall appeals the decision of the Merit Systems Protection Board, Docket No. CH07528910545, upholding removal from his position as a Supervisory Printing Specialist for the United States Army Recruiting Command at Fort Sheridan, Illinois. We affirm.
 
 OPINION
 
 2
 Mr. Marshall was charged with (1) improperly requesting Mr. Augie Palandri, an executive of McGill-Jensen, Inc., a government printing contractor, to use his influence to have a complaint concerning Mr. Marshall's conduct withdrawn; (2) failing to notify the agency of his participation in frequent flyer travel plans of five separate airlines; and (3) using one such plan to obtain personal travel using credits earned while traveling on official government business. The Board held that charges (1) and (2) were supported by preponderant evidence, but charge (3) was not. The Board further held that charge (2) was a de minimis violation, but that charge (1) was extremely serious and justified Mr. Marshall's dismissal. Mr. Marshall states that the Board's decision was not supported by substantial evidence, and thus can not stand. 5 U.S.C. Sec. 7703(c); Covington v. Department of Health and Human Services, 750 F.2d 937, 941 (Fed.Cir.1984).
 
 
 3
 Mr. Marshall attacks the credibility of Mr. Ciliberto, his supervisor, who testified as to the subject of a June 13, 1988 telephone conversation. Telephone records obtained by Mr. Ciliberto showed that Mr. Marshall placed a call to McGill-Jensen on that date. Mr. Marshall says that the call was not to Mr. Palandri but to Mr. Dennis Bohl; Mr. Bohl recalled speaking to Mr. Marshall at some time during the summer of 1988. Mr. Marshall attempted to explain the conversation overheard by Mr. Ciliberto as one with his lawyer; telephone records showed that Mr. Marshall placed a call to his lawyer on June 16, 1988, at about the same time of day as the June 13 conversation. The Administrative Judge (AJ) did not believe Mr. Marshall's explanation. There is a heavy burden of overcoming credibility determinations by the hearing officer, Latham v. United States Postal Service, 909 F.2d 500, 502 (Fed.Cir.1990); Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986), and in this case we agree that the burden has not been met.
 
 
 4
 Mr. Marshall attacks as hearsay the statements of Mr. Donald Dallas and Ms. Patti Plunkett of the Chicago Regional Office of the Government Printing Office, and the investigative report of Lt. Col. Adams, recounting conversations wherein Mr. Palandri told each of Mr. Dallas, Ms. Plunkett, and Lt. Col. Adams that Mr. Marshall had telephoned him and tried to influence him. Mr. Palandri died before trial and did not give a formal statement. Although the Board is not required to follow the Federal Rules of Evidence, Yanopoulos v. Department of the Navy, 796 F.2d 468, 471 (Fed.Cir.), cert. denied, 479 U.S. 824 (1986), even under those Rules, statements of witnesses who have died may be admitted with weight appropriate to the circumstances. Fed.R.Evid. 804(b)(5); see 4 Weinstein's Evidence p 804(b)(5) (1985) and cases cited therein. Here, all of the witnesses testified in a manner consistent with the Board's findings. Mr. Marshall adduced no contradictory evidence. We conclude that substantial evidence supports the Board's decision.