NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3121

VICTOR R. JOHNSON,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: December 9, 2005

_____

Before GAJARSA, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Victor R. Johnson seeks review of the decision of the Merit Systems Protection Board ("Board"), upholding the decision of the Department of the Air Force ("Department") to terminate his employment. We affirm.

BACKGROUND

The Department employed Johnson as a Machinist. On June 26, 2001, the Department proposed removing Johnson for failing to request leave in accordance with established procedures, delaying in carrying out work assignments, failing to comply with a work directive, and failing to comply with tool control procedures. After considering a written reply from Johnson's union representative, the Department terminated Johnson's employment. Johnson appealed this decision to the Board. In an initial decision, the Administrative Judge ("AJ") affirmed the Department's removal of

Johnson. The full Board denied review. This petition for review followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Johnson challenges the Board's decision on a number of grounds. We must affirm the Board's decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Butterbaugh v. Dep't of Justice, 1336 F.3d 1332, 1336 (Fed. Cir. 2003).

I

Johnson makes three procedural arguments. First, Johnson argues that the Board should not have considered his union representative's reply to the proposed removal (the "Response to the Proposed Removal"), because it was not authenticated under the Federal Rules of Evidence. The Federal Rules of Evidence do not apply to Board proceedings. Yanopoulos v. Dep't of Navy, 796 F.2d 468, 471 (Fed. Cir. 1986). Accordingly, we find no merit in this contention.

Second, Johnson argues that the full Board wrongfully denied review because he presented "new" evidence on appeal to the full Board in the form of statements written by him and by his union representative, alleging that the "Response to the Proposed Removal" was not submitted by either of them. Johnson points to nothing indicating that this "new" evidence was unavailable during the Board's initial consideration. Cf. 5 C.F.R. § 1201.115(d)(1) (2004) (stating that the full Board may grant review when it is established that "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed"). Johnson argues that the materials were

improperly rejected by the Board because they were unsworn statements. Johnson has not established that these materials were rejected on this ground. Moreover, Johnson proffers no reason why the Board's initial consideration of the union representative's reply was harmful, if it was error at all. See Guise v. Dep't of Justice, 330 F.3d 1376, 1381-82 (Fed. Cir. 2003). Thus, the Board did not abuse its discretion in denying Johnson's petition for review.

Finally, Johnson argues that it was improper for the Board to partially quote witnesses and not to cite the hearing transcript, because Johnson has no way of verifying the statements. Nothing precluded Johnson from ordering a transcript of the hearing. See 5 C.F.R. § 1201.53(b) (2004) (detailing the procedures by which a party may obtain a tape or transcript of his hearing); id. § 1201.53(c) (detailing procedure by which a party may obtain a waiver of the fee normally associated with obtaining a tape or transcript). Johnson's assertion that he was denied the opportunity to examine the testimony because he does not have a transcript is therefore without merit.

II

Johnson next contends that the Board's decision upholding his removal was not supported by substantial evidence. The Department's first charge against Johnson was for failing to request leave in accordance with established procedures. Johnson testified that he requested four days of leave from his supervisor, Gary Epler. Johnson also provided an alleged tape-recording of this conversation. Epler testified that Johnson requested only three days of leave, and that Epler—in accordance with Department policy of approving leave in only three-day increments—approved the leave. Epler further testified that the tape-recording was not a genuine recording of the conversation

at issue. The Board found Epler's version of the events credible, noting among other things, Johnson's vague and evasive demeanor. Credibility determinations are virtually unreviewable. Frey v. U.S. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004). Accordingly, we find no reason to set aside the Board's finding that Johnson failed to request leave in accordance with Department procedure.

The Department's second charge against Johnson was for delaying in carrying out work assignments. Epler testified that Johnson refused to sign for work equipment, reported to work without necessary equipment, and was absent for several hours without prior notification. Johnson did not dispute these facts; rather, he attempted to give an explanation for some of the events. The Board found Johnson's explanations to be insufficient to excuse his conduct. Johnson has provided us no reason to set aside the Board's decision.

The Department also charged Johnson with failing to comply with a directive to work overtime on Saturday, April 21, 2000. Epler testified that he told Johnson of the mandatory overtime on April 20 because Johnson was absent on April 19, when the decision had been made. Johnson asserted that he did not report to work for overtime because he had not been given 1.5 days of notice as is required by the collective bargaining agreement. The Board determined that Johnson had violated a direct order by Epler, and that even if 1.5 days of notice were required in this circumstance, the proper procedure for Johnson would have been to report to work and then file a grievance. See Larson v. Dep't of the Army, 91 M.S.P.R. 511, 519 (2002). We find no error in the Board's determination.

The Department's final charge was for failing to comply with tool control procedures. Epler testified that he and two other employees discovered that Johnson's toolbox had been unlocked. The Board concluded that it was more likely than not that Johnson had left his toolbox unlocked in violation of tool control procedures. We find substantial evidence to support the Board's conclusion.

The Board determined that the penalty of removal was appropriate given the Department's charges. We find no error in this decision.

III

Johnson finally argues that the Board failed to consider that the Department removed him in retaliation for his filing an EEO complaint. The Board determined that Johnson failed to show a genuine nexus between his protected activity and the adverse action. See Warren v. Dep't of Army, 804 F.2d 654, 656 (Fed. Cir. 1986). The Board further held that even if Johnson had established a prima facie case of retaliation, the Department had shown a legitimate, non-discriminatory reason for the adverse action. See Spahn v. Dep't of Justice, 93 M.S.P.R. 195, 201 (2003) (stating that once a prima facie case of discrimination is established, the burden of production, not persuasion, shifts to the employer to show evidence of a non-discriminatory reason for the removal). Johnson has failed to show that this finding is not supported by substantial evidence.

CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

COSTS:

No costs.