## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFRY THUL,
          Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
          Agency.

DOCKET NUMBER
AT-1221-18-0519-W-1

DATE: May 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeffry Thul</u>, Ooltewah, Tennessee, pro se.

<u>Cecelia Townes</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant raises a 5 C.F.R. § 1207 allegation of disability discrimination against the administrative judge. Petition for Review (PFR) File, Tab 1 at 4-16. He alleges that the administrative judge violated the "Board's facially-neutral, non-discriminatory policy regarding pro se litigants" by reaching a jurisdictional determination without a hearing despite his "numerous pleas for help." *Id*. at 4, 9-14. The appellant further alleges that the administrative judge engaged in prohibited discrimination by ignoring his request for a reasonable accommodation. *Id*. at 4, 15-17. The appellant had filed a motion during the proceedings below, seemingly asking the administrative judge to order the agency to provide him with the "services of a practicing attorney to assist and present, before the Board, his allegations of [a]gency violations of [p]rohibited [p]ersonnel [p]ractices." Initial Appeal File (IAF), Tab 5 at 1. In a subsequent request for a status conference, the appellant again asserted that the agency was required to provide his requested accommodation of legal representation. IAF, Tab 17 at 5.

An appellant has the right to be represented by an attorney or other representative. 5 U.S.C. § 7701(a)(2). However, no statute or regulation requires the Board to appoint a representative for an appellant, and it is generally the appellant's obligation to secure his own representative. *See Yanopoulos v.*

*Department of the Navy*, 796 F.2d 468, 470 (Fed. Cir. 1986); *Brum v. Department of Veterans Affairs*, 109 M.S.P.R. 129, ¶ 5 (2008); *cf. Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 17 (2013) (holding that the Board has the authority to request pro bono representation for an appellant in a disability retirement appeal who is found to be incompetent). The appeal form completed by the appellant and the acknowledgment order notified him of his right to representation. IAF, Tab 1 at 1, Tab 2 at 2. To the extent that the appellant felt disadvantaged by a lack of representation, it is well established that an appellant who chooses to proceed pro se must accept the consequences of that decision. *See Yanopoulos*, 796 F.2d at 470; *Brum*, 109 M.S.P.R. 129, ¶ 5.

5 C.F.R. § 1207.170(b) sets forth procedures for a party who believes that he has been subjected to discrimination on the basis of disability in the adjudication of his Board appeal. If the administrative judge to whom the case was assigned has issued an initial decision by the time the party learns of the alleged discrimination, the party may raise the allegation of discrimination in a petition for review. *See* 5 C.F.R. § 1201.170(b)(4). However, because the "accommodation" the appellant seeks is neither within the administrative judge's authority to provide, nor something to which he is entitled, we find that he has failed to articulate a 5 C.F.R. § 1207 allegation of discrimination and he has provided no basis for disturbing the initial decision. *See Vaughn*, 119 M.S.P.R. 605, ¶ 17; *see also* 5 C.F.R. § 1201.114(b) (stating that a petition for review must include all of the filing party's legal and factual arguments objecting to the initial decision and must be supported by references to applicable laws or regulations and by specific references to the record).

To establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted his administrative remedies before the Office of Special Counsel and make nonfrivolous allegations of the following: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the

disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).[2]  The appellant does not challenge, and we discern no reason to disturb, the administrative judge's finding that he failed to raise nonfrivolous allegations that his IRA appeal was within the Board's jurisdiction and, therefore, that he was not entitled to a hearing.  PFR File, Tab 1 at 4-16; IAF, Tab 18, Initial Decision at 7-12.  Although the appellant refers on review to a "policy statement" in the Board's Judge's Handbook instructing administrative judges to "make special efforts to accommodate pro se appellants," this section does not identify any lowered burden of proof for pro se appellants. PFR File, Tab 1 at 13; *see* MSPB Judge's Handbook, ch. 2, § 7.

Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017.  Section 1097 of the NDAA amended various provisions of title 5 of the U.S. Code.  Our decision to affirm the initial decision dismissing the appeal for lack of jurisdiction would be the same under both pre- and post-NDAA law.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

 If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

 If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

 **(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.