# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LORRAINE D. CHAMBERS,
        Appellant,

        v.

DEPARTMENT OF HOUSING AND
    URBAN DEVELOPMENT,
        Agency.

DOCKET NUMBER
DA-1221-20-0094-W-1

DATE: July 17, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lorraine D. Chambers</u>, Fort Worth, Texas, pro se.

<u>Marcus R. Patton</u>, <u>Anju V. Mathew</u>, Esquire, <u>Sakeenda M. Adams</u>, and <u>Mary C. Merchant</u>, Fort Worth, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in connection with her individual right of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, an Equal Opportunity Specialist, filed an IRA appeal in which she alleged that the agency took several personnel actions against her in retaliation for her numerous protected disclosures. Initial Appeal File (IAF), Tab 1. After consideration of the parties' written submissions, the administrative judge found that the appellant had established the Board's jurisdiction over her appeal.[2] IAF, Tab 19. Following the requested hearing, the administrative judge issued an initial decision in which he found that the appellant made two protected disclosures, specifically, that she reasonably believed that: she disclosed a

---

[2] The administrative judge did not make a specific finding that the appellant had exhausted her remedy before the Office of Special Counsel (OSC), but rather found Board jurisdiction over the appeal. IAF, Tab 53, Initial Decision at 1. We find that the matters deemed at issue by the administrative judge fully comport with those described in the appellant's OSC complaint and OSC's closure letter, thereby establishing exhaustion. To the extent the administrative judge erred by not specifically addressing exhaustion, his error did not prejudice either party's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

violation of the Privacy Act when she confronted her first- and second-line supervisors regarding a conversation they had in which she overheard them discussing her prior EEO complaint and her medical issues, and she disclosed a conflict of interest when she reported that a city of Fort Worth employee with whom she worked had taken action related to the needs of her disabled brother that impacted her objectivity in the performance of her official duties. IAF, Tab 53, Initial Decision (ID) at 13-15. The administrative judge next found that the appellant showed that her two protected disclosures were contributing factors in four of her claimed personnel actions. ID at 15-26. Those four actions were assigning her as a Government Technical Monitor, subsequently removing her from that assignment, failing to timely promote her to GS-12, and rating her as fully successful for fiscal year 2018. Finally, the administrative judge found that the agency showed by clear and convincing evidence that it would have taken those same personnel actions in the absence of the appellant's protected disclosures. ID at 26-32. Accordingly, the administrative judge denied the appellant's request for corrective action. ID at 2, 32.

The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

On review, the appellant challenges most, if not all, of the administrative judge's factual findings and credibility determinations. We have considered the appellant's arguments on review, but we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). For example, the appellant argues that the

administrative judge failed to consider the testimony of certain of her witnesses. PFR File, Tab 1 at 8, 14. However, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Nonetheless, we have considered the testimony of the witnesses to which the appellant refers and find that it does not change the propriety of the administrative judge's findings.[3] The appellant also challenges the administrative judge's credibility determinations, particularly as they relate to the appellant's first-line supervisor. PFR Tab 1 at 7, 12. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of the witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We have considered the appellant's allegations but find that they do not provide sound reasons to overturn the administrative judge's findings.[4]

---

[3] The appellant's argument largely relates to her claim that the administrative judge erred in finding that she failed to prove that, because of actions taken by her supervisor, she was subjected to a hostile work environment. ID at 21-26. We have reviewed the testimony of the appellant's coworkers, Hearing Transcript at 12, 57, 125, and find that, even if that testimony could be considered as indicating an unpleasant and unsupportive work environment for the appellant, it does not establish the kind of pervasive objectionable behavior that indicates a significant change of working conditions sufficient to constitute a hostile work environment, 5 U.S.C. § 2302(a)(2)(A)(xii), or otherwise show error in the administrative judge's finding.

[4] The appellant argues generally that there was no hearing but rather a Zoom call, where the witnesses could only be observed "chest up," thereby precluding the administrative judge from being able to assess their demeanor. PFR File, Tab 1 at 11. However, there is no statutory mandate for an unlimited entitlement to an in-person hearing. *Koehler v. Department of the Air Force*, 99 M.S.P.R. 82, ¶ 10 (2005). The administrative judge explained early on that the requested hearing would be conducted by Zoom for Government. IAF, Tabs 20, 33. The appellant did not challenge the manner in which the hearing would be conducted at that time, or during the hearing. Her failure to do so then precludes her doing so on review. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). Moreover, in connection with the broad discretion afforded administrative judges to control proceedings at which they officiate, 5 C.F.R.

The appellant also argues on review that the administrative judge erred in denying certain of the witnesses she requested. PFR File, Tab 1 at 13, 21. However, despite being afforded the opportunity to do so, the appellant did not challenge the administrative judge's witness rulings and therefore may not challenge them on review. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). In addition, the appellant argues that the administrative judge did not clarify the issues, even though he knew she was a layperson. PFR File, Tab 1 at 21. The appellant was informed of her right to obtain legal representation, IAF, Tab 1 at 1, Tab 2 at 2, and having chosen to proceed without representation, she must accept the consequences of that decision, *see Yanopoulos v. Department of the Navy*, 796 F.2d 468, 470 (Fed. Cir. 1986); *Brum v. Department of Veterans Affairs*, 109 M.S.P.R. 129, ¶ 5 (2008). Moreover, our review of the hearing record reflects that the administrative judge at all times exhibited appropriate judicial demeanor, was patient and respectful, and, contrary to the appellant's claims, did clarify various matters, including his rulings, posed questions to her, and answered questions she raised.

The appellant claims several times in her petition for review that she advised the administrative judge that she was in possession of taped recordings that contained evidence material to the issues in this appeal, but that he directed that, in order for the recordings to be considered, they must be transcribed. The appellant further argues that, because the administrative judge's ruling occurred during the COVID-19 crisis, she was unable to comply with it, and that his ruling was harmful, prejudicial, and destructive to her case. PFR File, Tab 1 at 7, 10, 18, 21. In a summary of the prehearing conference, the administrative judge stated that the appellant indicated that, due to the pandemic, she had experienced difficulty in obtaining transcripts of relevant audio recordings, but that she did not want to delay the processing of the appeal due to that difficulty. IAF, Tab 43

---

§ 1201.41(b), they may hold videoconference hearings in any case, even if the appellant objects. *Koehler*, 99 M.S.P.R. 82, ¶ 13.

at 6.  The appellant does not, in her petition for review, deny the administrative judge's statement that she agreed to proceed with the hearing without the transcripts.  Moreover, although afforded the opportunity to do so, *id.* at 7, the appellant did not challenge the administrative judge's ruling regarding the taped recordings,[5] and her apparent willingness to accept the administrative judge's ruling below precludes her challenging it on review.  *See Tarpley*, 37 M.S.P.R. at 581.

The appellant argues that she was also hampered during the processing of the appeal because she did not know, until just before the hearing, that she would have to formally move for the admission of documents that she had submitted to the Board.  PFR File, Tab 1 at 8.  However, in his summary of the prehearing conference, the administrative judge clearly notified the parties that such would be the case.  IAF, Tab 43 at 6.  The appellant did not question the administrative judge's statement and therefore cannot be heard to challenge it on review.  *See Tarpley*, 37 M.S.P.R. at 581.  The appellant argues that she has also been hampered because she has not received a copy of the transcript "or anything associate [sic] with cost to receive the copy . . . ."  PFR File, Tab 1 at 16, 20.  The Board's regulations provide that any party may request that the court reporter prepare a full or partial transcript, at the requesting party's expense.  5 C.F.R. § 1201.53(b).  To the extent the appellant believed that she needed a copy of the transcript to prepare her petition for review, she has not shown that she made such a request.

Finally, the appellant argues on review that, since the hearing, the agency's retaliation against her has escalated, and that she has been written up for not contacting her supervisor when she went into the office to pack up her work station for an instructed office move.  PFR File, Tab 1 at 22.  The Board lacks jurisdiction to consider this matter because the appellant has not shown, or even

---

[5] The administrative judge did provide the appellant an additional week in which to submit the transcripts of the taped recordings, but she failed to do so.  IAF, Tab 43 at 6.

alleged, that she exhausted this claim before the Office of Special Counsel (OSC). As the administrative judge advised the appellant, IAF, Tab 3, to establish Board jurisdiction over an IRA appeal, the appellant must show that she exhausted her remedy before OSC and make nonfrivolous allegations that: (1) she made a protected disclosure or engaged in protected activity, and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). After the appellant exhausts her remedy with OSC as to this issue, she may file an IRA appeal with the Board.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.