NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICKIE L. JONES,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2025-1223

---

Petition for review of the Merit Systems Protection Board in No. PH-1221-23-0055-W-1.

---

Decided: July 8, 2025

---

VICKIE L. JONES, Baltimore, MD, pro se.

BLAKE WILLIAM COWMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before LOURIE, REYNA, and STARK, *Circuit Judges*.

PER CURIAM.

Vickie L. Jones appeals pro se a final decision of the Merit Systems Protection Board denying corrective action in her individual right of action appeal. For the following reasons, we affirm.

BACKGROUND

During the time period at issue in this appeal, Ms. Jones worked as a health technician at a Department of Veterans Affairs ("VA") medical facility. SAppx2.[1] In July 2021, Ms. Jones filed a complaint with the Office of Special Counsel ("OSC") alleging that the VA retaliated against her in violation of the Whistleblower Protection Act of 1989 ("WPA") and the Whistleblower Protection Enhancement Act of 2012 ("WPEA"). *Id.* Ms. Jones alleged, *inter alia*, that the VA retaliated against her by wrongly reducing her pay and subjecting her to a hostile work environment. SAppx3. On August 30, 2021, the OSC notified Ms. Jones that it had terminated its inquiry into her complaint. SAppx2. Ms. Jones appealed the OSC's decision to the Merit Systems Protection Board ("Board").

The administrative judge ("AJ") assigned to Ms. Jones's case held an evidentiary hearing. SAppx3. Prior to the hearing, the AJ granted Ms. Jones's request to admit the testimony of three witnesses. SAppx36. The AJ denied Ms. Jones's request to admit the testimony of a proposed character witness, Cladette Harvey, ruling that the proposed testimony was not relevant. *Id.*

At the hearing, Ms. Jones testified that she made the following protected disclosures under the WPA/WPEA: (1) She told the director of her medical facility that the chief of medicine, an individual referred to as "S.G.," harassed her; and (2) she filed three OSC complaints and numerous Equal Employment Opportunity ("EEO") complaints.

---

[1]    "SAppx" refers to the appendix accompanying the government's responsive brief.

SAppx3. Ms. Jones testified that the VA retaliated against her in several ways for having made these disclosures. First, Ms. Jones testified that the VA reduced her pay from approximately 2018 or 2019 onward. SAppx4. Ms. Jones submitted her W-2 tax form for the years 2018–2021 and her Standard Form 50 ("SF-50") for the same years to support her claim. *Id.* Second, Ms. Jones testified that the VA subjected her to a hostile work environment because (1) the VA denied her overtime opportunities, and (2) S.G. stalked her and hacked her electronic devices, among other allegations of harassment. SAppx3–5. Ms. Jones produced several photographs and screenshots to support her harassment allegations, such as screenshots of Wi-Fi networks, Google searches and notifications, and a photograph allegedly showing S.G.'s car parked near her home. *Id.*; *see generally* SAppx44–53.

The AJ determined that Ms. Jones only presented credible evidence of her claim that the VA wrongly reduced her pay, so the AJ directed the VA to respond to that claim only. SAppx5.

In response, the VA presented the testimony of a payroll supervisor, Michael J. Heineman. *Id.* Mr. Heineman testified that, when comparing Ms. Jones's SF-50 to relevant pay tables published by the Office of Personnel Management ("OPM"), Ms. Jones received all applicable pay raises to which she was entitled. SAppx6–7. Mr. Heineman testified that Ms. Jones believed she was underpaid for three reasons: (1) She mistakenly based her claim on box 1 of her W-2 forms, which reports wages, tips, and other compensation, rather than box 3, which reports social security wages; (2) W-2 forms may vary slightly from OPM tables because pay periods may not align perfectly with a calendar year; and (3) Ms. Jones failed to account for the fact that at different times, she was in an unpaid leave status. *Id.*

On October 22, 2024, the AJ issued an initial decision. The AJ determined that he lacked jurisdiction over Ms. Jones's claim that the VA retaliated against her in response to her filing EEO complaints, ruling that filing an EEO complaint is not a protected activity under 5 U.S.C. § 2302(b)(8). SAppx7–9 (citing *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1328–29 (Fed. Cir. 2020)). The AJ also determined that Ms. Jones failed to prove that the VA reduced her pay, that S.G. harassed her, or that the VA took any of the other miscellaneous alleged actions against her. SAppx9–11. Ms. Jones did not appeal the AJ's initial decision, and thus the initial decision became the Board's final decision.

Ms. Jones appeals.    We have jurisdiction under 28 U.S.C. § 1295(a)(9).[2]

### STANDARD OF REVIEW

Our review of Board decisions is limited. 5 U.S.C. § 7703(c). We set aside a Board decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.*

---

[2]    Ms. Jones indicated in her Federal Circuit Rule 15(c) statement concerning discrimination that she raised and does not wish to abandon discrimination claims. ECF No. 7. We lack jurisdiction over appeals from "mixed" cases, i.e., cases in which a federal employee complains of an adverse personnel action appealable to the Board and attributes the adverse action, in whole or in part, to bias prohibited by federal antidiscrimination laws. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). However, Ms. Jones only raises an individual right of action appeal, which is never a mixed case falling outside of our jurisdiction. *Young*, 961 F.3d at 1327–28.

## DISCUSSION

Ms. Jones raises two primary arguments on appeal. First, Ms. Jones argues that the Board failed to consider "how the harassment has followed [her] after [a prior] complaint went in [her] favor." Appellant Br. 2. Second, Ms. Jones argues that the Board erred when it refused to "let [her] witness testify" and only allowed Ms. Jones to provide yes or no answers at the hearing. Appellant Br. 3. We address each argument in turn.

As to Ms. Jones's first argument, the Board fully considered Ms. Jones's allegations, and thus, her argument fails. Regarding her various allegations of a hostile work environment, the Board considered her testimony and documentary evidence. SAppx10–11. The Board found that many of her claims "lack[ed] . . . any evidentiary support" and were "based upon nothing more than sheer unsubstantiated speculation." *Id.* The Board found that the documentary evidence that did exist consisted of "random pictures which are undefined and are from no discernable sources," and/or the documentary evidence did not support her "wildly speculative conclusions." *Id.* These findings are supported by substantial evidence. To the extent that the Board's findings rest on credibility determinations, such determinations are "virtually unreviewable" on appeal. *Gibson v. Dep't of Veterans Affs.*, 160 F.3d 722, 725 (Fed. Cir. 1998) (citation omitted). Further, we agree with the Board that Ms. Jones's documentary evidence does not provide any support for her claims. For example, the Board reasonably concluded that the various screenshots of Wi-Fi networks and Google pages do not show that Ms. Jones was hacked, and the photograph of a car outside of Ms. Jones's house, without more, is insufficient to show that the car belonged to S.G., or that S.G. was stalking her. SAppx10–11; SAppx44; SAppx51.

To the extent that Ms. Jones challenges the Board's ruling that the VA did not wrongly reduce her pay, the

Board's ruling is supported by substantial evidence. The Board acted well within its rights by weighing the competing testimony of Ms. Jones and Mr. Heineman, finding that Mr. Heineman's testimony was "convincing, credible and extremely detailed," and ruling that Ms. Jones failed to prove that the VA wrongly reduced her pay. SAppx6; SAppx9–10; *Gibson*, 160 F.3d at 725.

As to Ms. Jones's second argument, we reject this argument as well. We generally review evidentiary issues for an abuse of discretion. *Whitmore v. Dep't of Lab.*, 680 F.3d 1353, 1368 (Fed. Cir. 2012) (citation omitted). Regarding the exclusion of character witness testimony from Cladette Harvey, the Board has authority to order "the appearance of witnesses whose testimony would be relevant, material, and nonrepetitious[.]" 5 C.F.R. § 1201.41(b)(10). Ms. Jones does not explain why Cladette Harvey's proposed testimony was relevant and nonrepetitious, especially in light of the Board's admission of Ms. Jones's three other proposed witnesses. SAppx36. The Board "has broad discretion in determining how many and which witnesses should be permitted to testify," and Ms. Jones has not established that the Board abused its discretion. *Veneziano v. Dep't of Energy*, 189 F.3d 1363, 1369 (Fed. Cir. 1999).

Similarly, regarding Ms. Jones's argument that the Board erred in only allowing her to provide yes or no answers, Ms. Jones has failed to establish an abuse of discretion. Ms. Jones does not identify when this restriction occurred. We assume Ms. Jones is referring to instances that the government identifies where, during her cross-examination, either VA counsel or the AJ asked Ms. Jones to respond with a yes or no answer. Response Br. 21. "Although the Federal Rules of Evidence do not apply to Board hearings, . . . they are a helpful guide to proper hearing practices." *Yanopoulos v. Dep't of Navy*, 796 F.2d 468, 471 (Fed. Cir. 1986). Federal Rule of Evidence 611 provides that, "[o]rdinarily, the court should allow leading questions . . . on cross-examination[.]" Fed. R. Evid. 611(c).

JONES v. DVA                                                    7

Ms. Jones has not established that the Board's allowance of leading questions on cross-examination, which is ordinarily permitted under the Federal Rules of Evidence, was an abuse of discretion, or that she was limited to providing yes or no answers at any other stage in the proceeding. Accordingly, we conclude that the Board did not abuse its discretion.

## CONCLUSION

We have considered Ms. Jones's remaining arguments and find them unpersuasive. For the reasons stated, we affirm.

## **AFFIRMED**

### COSTS

No costs.